FILED
AUG 21 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 13 CR 679 |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| WESLEY A. MCQUERRY | ) | Code, Section 1001(a)(1) and (a)(2) |

JUDGE SHADUR

MAGISTRATE JUDGE KEYS

COUNT ONE

The SPECIAL MARCH 2013 GRAND JURY charges:

1.   At times material to this indictment:

   a.   The Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, was the agency of the United States responsible for, among other things, approving drugs for sale in the United States.

   b.   Drug A was a drug manufactured by Pharmaceutical Company A, which sponsored clinical trials of Drug A for the treatment of HIV-associated diarrhea. The clinical trials of Drug A occurred under the authority of the FDA, and clinical trial data was required to be submitted to the FDA before Drug A could be approved for sale in the United States.

   c.   Administrator A managed the clinical trial of Drug A for Pharmaceutical Company A. Administrator A collected clinical trial data from study sites participating in the Drug A clinical trial which was eventually submitted to the FDA.

   d.   Institution A was one of the study sites for the Drug A clinical trial.

e. Doctor A was the medical director of Institution A, and was the principal investigator for the Drug A clinical trial at Institution A.

f. Defendant WESLEY MCQUERRY was employed as the study coordinator for the Drug A clinical trial at Institution A. As study coordinator, MCQUERRY's responsibilities included the transmission of accurate information regarding patients participating in the Drug A clinical trial to Administrator A.

2. Beginning no later than January 2008, and continuing through at least October 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WESLEY MCQUERRY,

defendant herein, knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, namely that Patients A, B, C, D, and others were participating in the clinical trial of Drug A, when in fact, Patients A, B, C, D, and others did not participate in that clinical trial.

3. It was part of the scheme that defendant WESLEY MCQUERRY submitted false and fraudulent information to Administrator A regarding the alleged participation of Patients A, B, C, and D in the clinical trial of Drug A, including by falsely representing that Patients A, B, C, and D had consented to participate in the clinical trial and falsely submitting fraudulent medical information regarding Patients A, B, C, and D. In order to conceal his

scheme, MCQUERRY forged Patients A, B, C, and D's signatures on consent forms, and falsely completed medical and study paperwork to corroborate Patients A, B, C and D's alleged participation in the clinical trial. Further, MCQUERRY stole patient stipends which were provided by Administrator A to compensate patients who participated in the clinical trial, and deposited those stipends into his personal bank account.

4. It was further part of the scheme that defendant WESLEY MCQUERRY obtained and used the personal information of Patients A, B, C, and D to enroll those patients in the clinical trial of Drug A, without the authorization or knowledge of Patients A, B, C, and D.

4. It was further part of the scheme that defendant WESLEY MCQUERRY forged the signatures of Patients A, B, C, and D on consent forms pertaining to the clinical trial of Drug A, to make it appear as though Patients A, B, C, and D had consented to participating in the clinical trial of Drug A.

5. It was further part of the scheme that defendant WESLEY MCQUERRY transmitted false and fraudulent medical data purportedly pertaining to Patients A, B, C, and D to Administrator A so that it falsely appeared as though Patients A, B, C, and D were participating in the clinical trial of Drug A.

6. It was further part of the scheme that defendant WESLEY MCQUERRY forged the signatures of Patients A, B, C, and D on patient stipend signature sheets so that it falsely appeared as though Patients A, B, C, and D had been issued American Express gift

checks provided by Administrator A to be used as compensation for patients' participation in the clinical trial of Drug A. Instead, MCQUERRY took over $2,000 in American Express gift checks provided by Administrator A and deposited those checks in his personal bank account.

7. It was further part of the scheme that on or about September 29, 2008, defendant WESLEY MCQUERRY emailed employees of Administrator A and stated that Patients B and C had relocated to Puerto Rico and were no longer participating in the clinical trial of Drug A, when MCQUERRY knew that Patients B and C had never participated in the clinical trial of Drug A and had not relocated to Puerto Rico.

8. It was further part of the scheme that defendant WESLEY MCQUERRY concealed, misrepresented and hid, and caused to be concealed, misrepresented and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

In violation of Title 18, United States Code, Section 1001(a)(1).

## COUNT TWO

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. On or about September 2, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### WESLEY MCQUERRY,

defendant herein, knowingly and willfully made a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, in that MCQUERRY knowingly transmitted false, fictitious and fraudulent data regarding Patient A's participation in the clinical trial of Drug A to Administrator A, including that Patient A had consented to participate in the clinical trial of Drug A, when MCQUERRY knew that Patient A had not consented to participate in the clinical trial of Drug A;

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. On or about August 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### WESLEY MCQUERRY,

defendant herein, knowingly and willfully made a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, in that MCQUERRY knowingly transmitted false, fictitious and fraudulent data regarding Patient B's participation in the clinical trial of Drug A to Administrator A, including that Patient B had attended clinical trial study visits on August 11 and August 25, 2008, MCQUERRY collected medical data pertaining to Patient B on both dates, and MCQUERRY had obtained samples of blood and urine from Patient B on August 11, 2008, and samples of blood, urine, and stool from Patient B on August 25, 2008, when MCQUERRY knew that Patient B was not participating in the clinical trial of Drug A, had not attended clinical trial study visits for Drug A, and had not provided the blood, urine, and stool samples MCQUERRY described;

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. On or about August 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### WESLEY MCQUERRY,

defendant herein, knowingly and willfully made a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, in that MCQUERRY knowingly transmitted false, fictitious and fraudulent data regarding Patient C's participation in the clinical trial of Drug A to Administrator A, including that Patient C had attended clinical trial study visits on August 11 and August 25, 2008, MCQUERRY collected medical data pertaining to Patient C on both dates, and MCQUERRY had obtained samples of blood and urine from Patient C on August 11, 2008, and samples of blood, urine, and stool from Patient C on August 25, 2008, when MCQUERRY knew that Patient C was not participating in the clinical trial of Drug A, had not attended clinical trial study visits for Drug A, and had not provided the blood, urine, and stool samples MCQUERRY described;

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE

The SPECIAL MARCH 2013 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are incorporated here.

2. On or about September 21, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## WESLEY MCQUERRY,

defendant herein, knowingly and willfully made a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, in that MCQUERRY knowingly transmitted false, fictitious and fraudulent data regarding Patient D's participation in the clinical trial of Drug A to Administrator A, including that Patient D was given a study kit containing doses of medication as part of the clinical trial and Patient D took all doses of medication between March 4, 2008, and March 18, 2008,

when MCQUERRY knew that Patient D was not participating in the clinical trial of Drug A and was not issued the study kit nor took the doses of medication as MCQUERRY described;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY