15

**FILED**
4-15-14
APR 1 5 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

WESLEY MCQUERRY

No. 13 CR 679

Judge Milton I. Shadur

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and defendant WESLEY MCQUERRY, and his attorney, PAUL FLYNN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with making false statements, in violation of Title 18, United States Code, Section 1001(a)(1) (Count One) and Title 18, United States Code, Section 1001(a)(2) (Counts Two through Five).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with knowingly and willfully falsifying, concealing, and covering up by trick, scheme, and device, material facts in a matter within a department within the executive branch of the United States government, in violation of Title 18, United States Code, Section 1001(a)(1).

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

Beginning no later than January 2008, and continuing through at least October 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant WESLEY MCQUERRY knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts in a matter within the jurisdiction of the Food and Drug Administration, an agency of the Department of Health and Human Services, a department within the executive branch of the United States government, namely that Patients A, B, C, D, and others were participating in the clinical trial of Drug A, when in fact, Patients A, B, C, D, and others did not participate in that clinical trial.

2

Specifically, beginning no later than January 2008, defendant WESLEY MCQUERRY was study coordinator for a clinical trial of Drug A conducted at Institution A in Chicago. As study coordinator, MCQUERRY was responsible for administering the clinical trial, including, among other duties, coordinating patient visits, maintaining patient files, ensuring that administrative procedures were followed regarding the collection of patient data, disbursing American Express gift checks to trial participants, and transmitting clinical trial data from Institution A to Administrator A, which was administering the clinical trial on behalf of the drug manufacturer, Pharmaceutical Company A. MCQUERRY knew that the results of the clinical trial would be reported to the Food and Drug Administration. MCQUERRY knew that it was unlawful to provide false information to Pharmaceutical Company A.

Between January and October 2008, MCQUERRY created 15 to 20 fictional patients who he claimed were participants in the clinical trial. MCQUERRY falsified signatures of those patients on consent forms and falsified doctors' signatures on medical evaluations for those patients. MCQUERRY provided his own blood, stool, and EKG results, which he claimed were provided by the fictional patients.

MCQUERRY transmitted false data and information to Administrator A regarding these fictional patients, and made and caused to be made false statements regarding their participation in the study and attendance at office visits,

3

all of which MCQUERRY knew would be provided to Pharmaceutical Company A and the FDA.

MCQUERRY also made and caused to be made false statements to Administrator A about the whereabouts of fictitious trial participants. In particular, on August 28, 2008, MCQUERRY provided false and fraudulent statements to Administrator A regarding the attendance of Patients A and B at study visits, knowing that Patients A and B were not in fact enrolled in the study and did not attend a single study visit.

As an incentive to encourage patient participation in the clinical trial, Pharmaceutical Company A, through Administrator A, provided American Express gift checks to be disbursed to patients at various points during the patients' participation in the clinical trial. As study coordinator, MCQUERRY was responsible for disbursing those gift checks and for ensuring that the patient recipients signed a log acknowledging their receipt of the checks. MCQUERRY was then required to submit the log to Administrator A. MCQUERRY falsely and fraudulently signed the log, claiming to have disbursed gift checks when in fact, no checks were disbursed to patients. Instead, between approximately July 11, 2008, and September 3, 2008, MCQUERRY deposited $2,325 of the American Express gift checks into his personal bank account. MCQUERRY also used the false and fraudulently obtained gift checks to make direct purchases at various retailers.

When MCQUERRY's fraud was discovered, Pharmaceutical Company A reported the fraud to the FDA, closed the clinical trial, and discarded all clinical

4

trial data for Drug A which was obtained from Institution A. As a result, Pharmaceutical Company A incurred losses of approximately $200,098.

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

        a.     A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

        b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court

        c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

a.  **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2013 Guidelines Manual.

b.  **Offense Level Calculations**.

i.  The base offense level is 6, pursuant to Guideline § 2B1.1(a)(2).

ii.  The base offense level is increased by 12 levels pursuant to Guideline §2B1.1(b)(1)(G) because the actual loss caused by defendant's offense and relevant conduct was more than $200,000 but less than $400,000. Defendant reserves the right to argue that a lower loss amount applies to the facts of this case.

iii.  The base offense level is increased by 2 levels pursuant to Guideline §2B1.1(b)(10)(C) because the offense involved sophisticated means.

iv.  The base offense level is increased by 2 levels pursuant to Guideline §3B1.3 because the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. Defendant reserves the right to challenge the application of this enhancement.

v.  Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and

6

if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

   vi.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

   c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 4 and defendant's criminal history category is III:

   i.  On or about July 11, 2001, defendant was convicted of theft of over $100,000 from a school, in the Circuit Court of Cook County and sentenced to 7 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

   ii.  On or about May 18, 2001, defendant was convicted of financial transaction card fraud in the District Court of Hennepin County,

7

Minnesota, and sentenced to 17 months' imprisonment (time served and execution of sentence stayed), and three years' probation. Pursuant to Guidelines § 4A1.1(c) and 4A1.2(a)(3), defendant receives one criminal history point for this sentence.

        iii.      On or about April 25, 1995, defendant was convicted of theft in the District Court of Hennepin County, Minnesota, and sentenced to 15 months' imprisonment (stayed) and 5 years' probation. Pursuant to Guideline § 4A1.2(e)(3), defendant does not receive any criminal history points for this conviction.

        iv.      On or about November 13, 1986, defendant was convicted of financial transaction card fraud, in the District Court of Hennepin County, Minnesota, and sentenced to 90 days imprisonment (stayed) and 5 years' probation. Pursuant to Guideline § 4A1.2(e)(3), defendant does not receive any criminal history points for this conviction.

        v.      On or about June 19, 1985, defendant was convicted of unauthorized use of a motor vehicle in the District Court of Hennepin County, Minnesota, and sentenced to one year and one day in prison (stayed), 52 days' weekend confinement, and two years' probation. Pursuant to Guideline § 4A1.2(e)(3), defendant does not receive any criminal history points for this conviction.

        d.      **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 19, which, when combined with the anticipated criminal history category of

III, results in an anticipated advisory sentencing guidelines range of 37 to 46 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant reserves the right to disagree that the government's calculations represent the applicable advisory sentencing guidelines range.

      e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      10.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement

regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11.     Each party is free to recommend whatever sentence it deems appropriate.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution to the victim in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

14.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 13 CR 679.

17.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

18.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

11

a.  **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering

12

each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.   At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.   **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

19.   Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights

specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights

## Presentence Investigation Report/Post-Sentence Supervision

20.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

21.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

22.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the

14

disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

23.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.  Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations,

rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant. Nothing in this paragraph or the preceding paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

## Conclusion

24. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph,

notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

27.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

28.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 4/15/2014

_____
ZACHARY T. FARDON   by WJBarcella
United States Attorney

_____
MAUREEN MERIN
Assistant U.S. Attorney

_____
WESLEY MCQUERRY
Defendant

_____
PAUL FLYNN
Attorney for Defendant

17